IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CARLOS VALENCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant. | CIVIL ACTION NO.: 2:23-cv-34 |

**O R D E R**

Defendant United States of America filed a Motion to Dismiss.  Doc. 14.  Plaintiff filed a Response opposing Defendant's Motion.  Doc. 17.  For the reasons stated below, I **GRANT** Defendant's Motion to Dismiss, **DISMISS** Plaintiff's claims against Defendant, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

**PROCEDURAL HISTORY AND BACKGROUND**

Plaintiff filed this action, asserting claims under the Federal Tort Claims Act ("FTCA").  Doc. 1.  Plaintiff alleges he was transferred to the Federal Correctional Institution ("FCI") in Jesup, Georgia, in May 2022, but his property did not arrive with him.  Id. at 1.  After attempting informal resolution, Plaintiff filed a formal request for administrative remedy on July 19, 2022, with the Federal Bureau of Prisons ("BOP"), seeking reimbursement of $3,450.00 for his lost property.  Id. at 16.  Plaintiff has not received a response from the BOP.  Id.

---

[1] Plaintiff has consented to the undersigned's plenary review.  Doc. 7.

Defendant United States filed this Motion to Dismiss, arguing the claims should be dismissed because Defendant has not waived its sovereign immunity to allow claims brought by federal prisoners about lost property. Doc. 14. In Plaintiff's Response, he argues Defendant did not exercise due care and lost property is not an exception to the waiver of sovereign immunity; therefore, this claim should not be dismissed. Doc. 17 at 2.

## STANDARD OF REVIEW

In considering a motion to dismiss filed based on Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "factual allegations are enough to raise the right to relief about the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Id. at 406. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985). The burden of proof on a Rule 12(b)(1) motion alleging lack of subject matter jurisdiction is on the party averring jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). As for pro se plaintiffs, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## DISCUSSION

**I.     Defendant Is Entitled to Sovereign Immunity**

Congress waived the United States' sovereign immunity in the FTCA for claims arising out of torts committed by federal employees. 28 U.S.C. § 1346(b)(1). The FTCA authorizes "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment." Id. The FTCA exempts from this waiver certain categories of claims. 28 U.S.C. § 2680(a)–(n). At issue in this case is the exception in 28 U.S.C. § 2680(c), which provides § 1346(b) shall not apply to "any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."

In Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008), a federal prisoner left his personal belongings in two duffle bags to be shipped to his next institution. When his bags arrived at his new institution, certain items were missing. Id. at 216. He filed an administrative claim and later a civil action under the FTCA seeking compensation. Id. The United States Supreme Court held the BOP officers who allegedly lost Ali's property qualified as law enforcement officers within the meaning of § 2680(c) and affirmed the Eleventh Circuit Court of Appeals's dismissal of Ali's FTCA claim. Based on Ali, it is clear § 2680(c) forecloses suits against the United States for detention or loss of an inmate's property.

Plaintiff sole claim is his property was lost by BOP officers while in transit to FCI Jesup. Plaintiff argues Defendant did not exercise due care. Doc. 17-1 at 2. Plaintiff's claim is precluded by the exception set forth in 28 U.S.C. § 2680(c). Plaintiff has not alleged any acts

3

that would not fall under the sovereign immunity waiver exception in the FTCA. To the extent Plaintiff raises allegations against officers not employed by BOP, such claims are not properly brought against the United States. The FTCA only applies to federal employees. 28 U.S.C. § 1346(b)(1).

Therefore, I **GRANT** Defendant's Motion to Dismiss, **DISMISS** Plaintiff's claims against Defendant for lack of subject matter jurisdiction, and **DIRECT** the Clerk of Court enter the appropriate judgment of dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal

v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **GRANT** Defendant's Motion to Dismiss, **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 18th day of January, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5